# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KUEHNE + NAGEL INC.

     Plaintiff,

     v.

STEPHEN TURCATO

     Defendant.

CASE NO. *13 CV 8099*

*Judge: L.L.S.*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Stephen Turcato ("Turcato") hereby removes this civil action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of this Notice, Turcato states as follows:

## I.  THE STATE COURT ACTION

     1.  On October 10, 2013, Plaintiff Kuehne + Nagle Inc. ("Kuehne") filed a Summons and Complaint in New York County Supreme Court against Defendant Turcato. Plaintiff served Turcato on October 14, 2013. True and correct copies of the Summons and Complaint filed in the State Court action are attached hereto. See **Exhibit "A"**.

     2.  In the Complaint, Plaintiff alleges that Turcato was its former employee and that Turcato executed certain employment-related documents, including a Confidentiality/Non-Disclosure/Non-Solicitation Agreement. In the Complaint, Plaintiff further alleges that following its termination of Turcato's employment, Turcato committed certain acts which gave rise to claims for, *inter alia*, misappropriation, conversion and tortious interference. Plaintiff requests damages of an unspecified amount.

1140289.1

3.      As will be demonstrated below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441.  There is complete diversity of citizenship between Plaintiff and Defendant; the amount in controversy exceeds $75,000, exclusive of interest and costs; and this Notice of Removal has been filed within thirty days of October 14, 2013, which is the date on which Defendant was served with the Summons and Complaint.

## II.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

4.      This Notice of Removal is timely filed.  Turcato was served with the Summons and Complaint on October 14, 2013.  Therefore, this Notice of Removal, filed on November 13, 2013, is timely under 28 U.S.C. § 1446(b).  See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).

5.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all documents filed in the State Court Action, accompanied by an index identifying each, are attached as **Exhibit A**.

6.      This Court embraces the locality in which the state court action is pending.  Because this action originated in the Supreme Court of the State of New York, County of New York, the United States District Court for the Southern District of New York is the proper Court to initially receive this removal.  Defendant has filed a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, County of New York where the case is pending.  Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

7.      No previous application has been made for the relief requested herein.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal

1140289.1

is being served on Plaintiff, and a copy is being filed with the Supreme Court of the State of New York, County of New York.  A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit "B".**

        9.     If any question arises regarding the propriety of the removal of this action, Turcato respectfully requests the opportunity to present a brief and/or oral argument in support of his position that this case is removable.

## III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUANT TO 28 U.S.C. §§ 1332 AND 1441

        10.    Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different States, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1441.

    A.    **Complete Diversity of Citizenship Exists**

        11.    Plaintiff is a company organized under the laws of the State of New York with its principal place of business in Jersey City, New Jersey.  Therefore, Plaintiff is a citizen of New York and New Jersey for diversity of citizenship purposes.  See Summons and Complaint at ¶ 2, **Exhibit A**.

        12.    Defendant is an individual that resides in Texas.  See Summons and Complaint at ¶ 3, **Exhibit A**.  Therefore, Defendant is a citizen of Texas for diversity of citizenship purposes.  See Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile.").

13.     This case is between "citizens of different states."  28 U.S.C. §

1332(c)(1).  Accordingly, there is the requisite diversity of citizenship between the parties to

establish original jurisdiction of this Court.

**B.      The Amount in Controversy Exceeds $75,000**

14.     The Complaint does not expressly state the amount in controversy.

See Complaint at ¶ 4, **Exhibit A.**   Additionally, the allegations in the Complaint pertaining to

Plaintiff's damages are vague.   In the Complaint, Plaintiff alleges that Defendant's actions have

caused various damages, including, *inter alia*, lost profits, impairment of future earning

capacity, diminutions in the value of their business, loss of good-will, loss of trade secret and

confidential information and conversion of property. See Complaint ¶ 35, ¶ 41-43, ¶ 49, ¶ 61, ¶

76, **Exhibit A**.  Given the serious nature of the alleged damages and the lack of any express

limitation on the amount of damages sought, the Complaint plainly satisfies the jurisdictional

amount requirement.

15.     The Second Circuit has held that "[i]n cases where removal is based

upon  diversity, the facts required to support the removal petition include the amount in

controversy and the address of each party**.**  While this standard requires a defendant to apply a

reasonable amount of intelligence in ascertaining removability, it does not require a defendant

to look beyond the initial pleading for facts giving rise to removability." Whitaker v. Am.

Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. N.Y. 2001)(internal citations omitted).

Additionally, the Court in Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1063 (11th Cir. 2010)

noted that it "found no case in any other circuit that purports to prohibit a district court from

employing its judicial experience or common sense in discerning whether the allegations in a

complaint facially establish the jurisdictionally required amount in controversy."  Here, based

on the allegations in the Complaint, Defendant can intelligently ascertain that the value of this matter will exceed $75,000.00, exclusive of interest and costs. Accordingly, the amount-in-controversy requirement has been satisfied.  See 28 U.S.C. § 1441.

## IV.   NON-WAIVER OF DEFENSES

16.     Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of the rights of Defendant to assert any defense or affirmative matter in this civil action, including without limitation the defenses of insufficiency of service of process.

## V.   JURY DEMAND

17.     Defendant has not demanded a jury in the state court action.   All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).

1140289.1

**WHEREFORE**, Defendant Stephen Turcato respectfully requests that the action currently pending in the Supreme Court of the State of New York, County of New York, entitled *Kuehne + Nagel Inc. v. Stephen Turcato*, under Index No. 653526/2013, be removed to this Honorable Court.  Defendant further requests all other relief, in law and in equity, to which Defendant may be entitled.

Dated:  New York, New York
       November 13, 2013

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By:_____
       Scott M. Zimmerman
       Attorneys for Defendant
       Office & P.O. Address
       99 Park Avenue
       New York, New York  10016
       Phone:  (212) 286-8585
       Fax:  (212) 490-8966

To:    Andrew R. Spector
       SPECTOR RUBIN, PA
       Attorneys for Plaintiff
       Continental Plaza
       3250 Mary Street, Suite 304
       Miami, Florida  33133
       Telephone: (305) 537-2000
       Facsimile: (305) 537-2001

1140289.1

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KUEHNE + NAGEL INC.

     Plaintiff,

     v.               CASE NO. _____

STEPHEN TURCATO

     Defendant.

## CERTIFICATION PURSUANT TO LOCAL RULE 81(a)(4)

I, Scott M. Zimmerman, hereby certify as follows:

1.     I am an attorney duly licensed and admitted to practice in the United States District Court for the Southern District of New York and a partner of the firm HEIDELL, PITTONI, MURPHY & BACH, LLP, attorneys for defendant STEPHEN TURCATO in the above referenced matter.

2.     I hereby certify that I have provided counsel for plaintiff KUEHNE + NAGEL INC., the only other party to this action, with the notice of removal and all attachments being filed with this Court.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 13, 2013
      New York, New York

               BY: _____
                         **SCOTT M. ZIMMERMAN, ESQ.**

1140289.1

# *Exhibit A*

# EXHIBIT A

## INDEX OF ALL DOCUMENTS FILED AND/OR SERVED IN STATE COURT ACTION
PURSUANT TO LOCAL RULE 81 (a)(3)

Exhibit A (1)      Summons

Exhibit A (2)      Complaint

Exhibit A (3)      Notice Regarding Electronic Filing

Exhibit A (4)      Request for Judicial Intervention

1140289.1

# Exhibit A (1)

# Summons

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF  NEW YORK

| | |
|---|---|
| KUEHNE + NAGEL INC. | Index No. |
| Plaintiff(s), | |
| -against- | **Summons** |
| STEPHEN TURCATO | |
| Defendant(s). | Date Index No. Purchased: |

To the above named Defendant(s)

STEPHEN TURCATO
723 FAR PINES DR
SPRING, TEXAS 77373-7929

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is  long-arm statute

which is  Breach of contract in this venue and tortious conduct and injury to plaintiff located in New York

Dated:  Miami, Florida

October 10, 2013

SPECTOR RUBIN, P.A.

by _____

ANDREW SPECTOR

Attorneys for Plaintiff

KUEHNE + NAGEL INC.
Continental Plaza
3250 Mary Street, Suite 304
Miami, Florida 33133
andrew.spector@spectorrubin.com
Phone: 305-537-2000
Fax: 305-537-2001

# Exhibit A (2)

# Complaint

1140289.1

**FILED: NEW YORK COUNTY CLERK 10/10/2013**
INDEX NO. 653526/2013

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 10/10/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
KUEHNE + NAGEL INC.,                              :
                                                  :        Index No.
        Plaintiff,                                :
                                                  :
            -against-                      :        **COMPLAINT**
                                                  :
STEPHEN TURCATO,                                  :
                                                  :
        Defendant.                                :
-------------------------------------------------------------x

Plaintiff, KUEHNE + NAGEL INC., (hereinafter referred to as "K+N") by and through its undersigned attorneys, sues Defendant, STPEHEN TURCATO (hereinafter referred to as "TURCATO") and alleges:

## INTRODUCTION

1.  This lawsuit is brought to prevent an employee of Plaintiff who terminated his employment, who, upon information and belief, absconded with property of Plaintiff in the process, and from irreparably harming Plaintiff by breaching the express terms of their employment not to divulge confidential or proprietary information or misappropriate company property. This lawsuit is also brought to recover damages resulting from defendant's actions.

## JURISDICTION AND VENUE

2.  K+N is a company organized under the laws of the state of New York having its principal place of business in Jersey City, New Jersey.

3.  TURCATO is an individual that resides in the Houston, Texas.

4.  This is an action for damages in excess of the jurisdictional minimum of this Court and as such within the jurisdiction of this Court.

5.      This Court has personal jurisdiction over Defendant and venue is appropriate since
        Defendant contracted to supply services in this forum and/or committed tortious
        acts within this State which caused injury to Plaintiff located in this forum. C.P.L.R.
        § 302

6.      Specifically, Defendant engaged in tortious conduct in this State, including
        absconding with confidential, proprietary information and documentation,
        including trade secrets, which were located in and/or maintained on K+N's
        computer system located in this State.   In addition, Defendant breached multiple
        contracts which were provided to Defendant in this State and which were executed
        and/or forwarded to K+N in New York by Defendant.  In addition, Defendant was
        paid wages from this State and was provided insurance from this State.  In addition,
        Defendant's actions, as set forth herein, caused injury to K+N in this State.   In the
        alternative, Defendant committed tortious conduct which caused injury to K+N
        within New York and Defendant derived substantial revenue from services
        rendered in this State.

7.      As such, Defendant could reasonably be anticipated to being haled into court in this
        forum.

## STATEMENT OF FACTS

8.      K+N is a global logistics service provider.   In this capacity, K+N makes
        arrangements regarding the transportation, importation, and storage of freight.

9.      A unique and specialized area of K+N's business is the provision of logistics
        services for the shipment of explosive and radioactive materials.

10.     This specialized niche market is extremely competitive and requires substantial
        expertise and knowledge.  Only a handful of global logistics entities possess the

2

knowledge and ability to arrange for the safe transportation of these highly sensitive shipments.

11. There is significant training and certification required with regards to the exportation, importation and transportation of explosives. This is a highly specialized field requiring extensive investment in time and personnel.

12. TURCATO was employed at K+N at all pertinent times and held the position of Supervisor, Hazardous Materials.

13. On April 9, 2008, TURCATO executed a Review and Acknowledgement the Kuehne + Nagel Employee Manual, expressly acknowledging receipt thereof and agreeing to abide by its terms, and forwarded this acknowledgment to K+N in New York.

14. The Employee Manual, in pertinent part, provides:

> **CONFIDENTIAL NATURE OF WORK.**
>
> **All Kuehne + Nagel records and information relating to Kuehne + Nagel or its customers are confidential and employees must, therefore, treat all matters accordingly. No Kuehne + Nagel or Kuehne + Nagel-related information, including without limitation, documents, notes, files, records, oral information, computer files or similar materials (except in the ordinary course of performing duties on behalf of Kuehne + Nagel) may be removed from Kuehne + Nagel's premises without permission from Kuehne + Nagel. Additionally, the contents of Kuehne + Nagel's records or information otherwise obtained in regard to business may not be disclosed to anyone, except where required for a business purpose. Employees must not disclose any confidential information, purposefully or inadvertently through casual conversation), to any unauthorized person inside or outside of Kuehne + Nagel. In the event of termination, whether voluntary or involuntary, employees must promptly return any and all documents containing the above information, data, or relating thereto, to Kuehne + Nagel and/or any of it's business partners.**
>
> **K+N PROPRIETARY AND OTHER CONFIDENTIAL INFORMATION.**

> Kuehne + Nagel operates in many different and extremely competitive markets. Every employee should be aware that in any competitive environment, proprietary information and trade secrets must be safeguarded in the same way that all other important Kuehne + Nagel assets are protected. All employees must refrain from using or appearing to use confidential information acquired in the course of their work for unethical or illegal advantage either personally or through third parties.
>
> Information concerning pricing, products and services that are being developed, and other such trade secrets, including information pertaining to any prospective Kuehne + Nagel acquisition or divestiture, must be held in the strictest confidence, and reasonable prudence and care should be exercised in dealing with such information in order to avoid inadvertent inappropriate disclosure. This information must not be used in any way other than as required in performing employment duties. All files, records, and reports acquired or created in the course of employment are the property of Kuehne + Nagel. Originals or copies of such documents may be removed from Kuehne + Nagel's offices for the sole purpose of performing the employee's duties to Kuehne + Nagel and must be returned at any time upon request.

15. On January 28, 2011, TURCATO executed a Confidentiality / Non-Disclosure / Non-Solicitation Agreement (hereinafter "the Agreement").

16. The Agreement provides, in pertinent part:

> **Non-Disclosure or Use of Confidential Information.**
>
> Employee acknowledges and agrees that he/she shall maintain under strict confidentiality the Confidential Information (defined below). Employee will take all reasonable precautions to safeguard the Confidential Information. Employee will not directly or indirectly, sell, offer to sell, transfer, disclose or otherwise make available any Confidential Information to any third party, including any corporation, governmental body, individual, partnership, association or other entity. Employee further agrees not to use any Confidential Information in competition with Company or in any manner otherwise to Company's detriment. The terms "Confidential Information" shall mean all information, items and materials that belong to the Company, or that have been confidentially provided to the Company by its clients, prospective clients, or other third parties. Confidential information includes, but is not limited to, information, items, and materials

4

concerning the following: marketing plans or strategies; budgets; promotional strategies; client preferences and policies; activities for and/or on behalf of clients or prospective clients; concepts; trade secrets; (as defined by applicable law); research and development activities; client (and prospective client) lists or data; client account information; pricing data and procedures; the existence and contents of agreements; financial information, data and all documentation, reports and data (recorded in any form) relating to the foregoing.

**Non-Solicitation of Customers and Employees.**

Employee agrees that for 6 months after the termination (whether voluntary or involuntary and for whatever reason) of his/her employment with the Company, the Employee will not, directly or indirectly, on his/her own behalf or on behalf of any other individual or entity, solicit, contact, or call upon any customer (as defined in the last sentence in this paragraph) of the Company with a view to providing logistics services or consulting services. Employee further agrees that he/she will not induce or seek to induce the resignation of any other employee from the Company. For purposes of this paragraph, "customer" is defined to include customers or potential customers of the Company with whom the Employee had contact, or about whom the Employee had access to Confidential Information (as defined above), during and as a result of his/her employment with the Company.

17. Immediately following the termination of his employment, TURCATO began working at Crane Worldwide Logistics, a direct competitor in this highly competitive and specialized niche market.

18. Prior to and following his departure, defendant solicited employees of K+N, inducing them to leave their employment and begin working for Crane.

19. Two such employees left K+N and began working at Crane within a week of TURCATO's departure.

20. In addition, TURCATO absconded with confidential, proprietary information, including trade secrets, belonging to K+N.

21. TURCATO is utilizing Confidential Information, trade secrets, and property of K+N for his own personal gain at his new place of employment.

5

22. This Confidential Information, upon information and belief, included, but is not limited to, rate information, rate agreements, contracts, master services agreements, customer lists, instruction manuals, marketing information, business plans and financial information of both K+N and its customers. This information is proprietary and constitutes confidential proprietary and/or trade secrets belonging exclusively to K+N. Further, as this information is highly sensitive as it pertains to radioactive and/or explosive material.

23. The documents taken by defendants were, at all times, and remain, the lawful property of K+N.

24. In addition, Defendant has induced highly-trained, specialized expert employees to resign from K+N to work for Crane Logistics in violation of the terms of his employment agreement.

25. Further, Defendant has solicited customers of K+N, in first violation of his non-solicitation agreement.

26. All conditions precedent to the filing of this action have occurred or have been otherwise waived.

## COUNT I- MISAPPROPRIATION

27. K+N incorporates and realleges paragraph 1 through 24 as set forth above.

28. During his employment with K+N, defendant received Confidential Information strictly for use in their employment with K+N.

29. K+N has undertaken reasonable steps to protect its confidential and proprietary information from disclosure and misuse and has obtained a competitive advantage from it.

30. TURCATO has intentionally and knowingly used and/or disclosed K+N's

confidential information and breached their obligation to K+N and/or the duty of confidentiality they owe to K+N.

31. Defendant's actions have also caused, and will continue to cause, K+N irreparable harm and injury, including lost profit, impairment of future earning capacity, diminutions in the value of their business, loss of good will and loss of trade secret and confidential information.

32. K+N's trade secrets and confidential and proprietary information are known only to the K+N and those to whom K+N disclosed the information in confidence. These trade secrets and confidential and proprietary information are not matters of public knowledge or generally known within the industry. K+N has taken reasonable precautions to preserve the secrecy of its trade secrets and confidential and proprietary information.

33. The trade secrets and confidential and proprietary information, which belong to K+N, have enabled it to obtain a fair and lawful competitive advantage over those who do not know or have the right to use its trade secrets and confidential and proprietary information.

34. Upon information and belief, TURCATO has already disclosed to his new employer, K+N's confidential and proprietary information and trade secrets.

35. As a direct and proximate result of these actions, Defendant has been unjustly enriched and have caused K+N to suffer damages, including lost profits, impairment of future earning capacity, diminutions in the value of their business, loss of good-will and loss of trade secret and confidential information all in the amount in excess of the minimum jurisdictional limits of this Court.

**WHEREFORE**, for the reasons stated above Plaintiff, K+N, respectfully requests

that this Court enter an order for the return of the property, and award of damages, pre-judgment interest, costs and any other further relief the Court may deem just and proper.

### COUNT II - CONVERSION

36.    K+N incorporates and realleges paragraph 1 through 24 as set forth above and further alleges as follows:

37.    As more fully described above, K+N owns and has a possessory right regarding the confidential information and trade secrets pertaining to the operation of its business and pertaining to its clients and customers.

38.    Upon information and belief, Defendant has misappropriated proprietary information and trade secrets that were at all times the property of K+N.

39.    This misappropriation by Defendant has resulted in the loss of confidentiality of this proprietary information.

40.    The loss of this confidential information has caused and will cause K+N irreparable harm and injury.

41.    Further, upon information and belief, Defendants have misappropriated files and documentation which remains the lawful property of K+N.

42.    Upon information and belief, Defendant has converted this property to his own use.

43.    The actions of Defendant, in asserting dominion over K+N's property, and interfering with K+N's interest in its property were taken in derogation of K+N's rights with regard to the property.

   **WHEREFORE**, for the reasons stated above Plaintiff, K+N, respectfully requests that this Court enter and award of damages, pre-judgment interest, costs and any other further relief the Court may deem just and proper.

### COUNT III - REPLEVIN

44.   K+N incorporates and realleges paragraph 1 through 24 as set forth above and further alleges as follows:

45.   Upon information and belief, Defendant has misappropriated files and documentation which remains the lawful property of K+N.

46.   Upon information and belief, Defendants currently maintain possession of this property.

47.   Defendants' possession is wrongful since the documentation contains confidential proprietary information, which Defendants have acknowledged cannot be given out or used outside of K+N's premises or with non-K+N employees.

48.   K+N has demanded the return of said property and Defendant has ignored these requests or otherwise have refused to return the property.

49.   Defendant's continued detention of this property will result in further damage to K+N, including lost profit, impairment of future earning capacity, diminutions in the value of its business, loss of good-will and loss of trade secrets and confidential information.

**WHEREFORE** Plaintiff, K+N, respectfully request that this Court enter an Order requiring Defendant to immediately deliver the property, as described herein, and all copies thereof, to K+N, together with an award of damages, pre-judgment interest, costs and any other further relief the Court may deem just and proper.

## COUNT IV - INJUNCTIVE RELIEF

50.   K+N incorporates and realleges paragraph 1 through 24 as set forth above and further alleges as follows:

51.   K+N seeks a temporary restraining order, preliminary injunction and permanent injunction, precluding Defendant from using, utilizing, duplicating, destroying or

disclosing confidential proprietary information acquired during their employment with K+N and for the return of K+N's property in the custody and control of either of the defendants.

52. This temporary restraining order, preliminary injunction and permanent injunction shall extend to confidential proprietary information and trade secrets in tangible and intangible form.

53. Confidential proprietary information and trade secrets for the purpose of the restraining order and injunctive relief shall include information contained in K+N's files, records and correspondence pertaining to K+N's clients and to K+N's business model. Specifically the relief sought should apply to K+N's files as they are kept in the ordinary course of business and which contain client and business information prepared and gathered by K+N over the course of several years and at great expense. K+N's files contain confidential information both with respect to K+N as well as its clients, since same contain financial and claims data which has been entrusted to K+N as a fiduciary.

54. K+N specifically reserves, pursuant to the terms of the Agreement and the Employee Manual, proprietary control over all confidential information, including communications, and including all information pertaining to all clients of K+N.

55. It has become necessary to file this action to maintain the status quo and to specifically protect K+N's confidential proprietary information and utilization by third parties, including, but not limited to, Crane.

56. In addition, K+N seeks a temporary restraining order, preliminary injunction and permanent injunction, precluding Defendant from soliciting any employees, customers or potential customers of K+N.

57.    K+N seeks temporary, preliminary and permanent injunctive relief from the Court that will:

    a.    Prohibit Defendant from using, utilizing, duplicating or destroying any documents belonging to K+N that were not generated for public use.

    b.    Prohibit Defendant from using, utilizing, duplicating or destroying any of the files and records belonging to K+N.

    c.    Prohibit Defendant from divulging, furnishing or making available confidential information regarding business activities of K+N including but not limited to technical, business, financial, intellectual property, the relationships, sales, marketing plans, and all information regarding or pertaining to the customers or clients of K+N.

    d.    Prohibit Defendant from divulging, furnishing or making available any portion of any of the files and records belonging to K+N.

    e.    Prohibit Defendant from directly or indirectly, on his behalf or on behalf of any individual or entity, from soliciting, contacting or calling upon any customer or potential customer of the Company.

    f.    Prohibit Defendant from directly or indirectly, on his behalf or on behalf of any individual or entity, from inducing or seeking to induce the resignation of any other employee from K+N.

58.    To the extent Defendant has already divulged K+N's property and/or solicited K+N's customers or employees, Defendant will have already engaged in an unreasonable interference with the daily business activities of K+N and must be ordered to cease and desist from such activity.

59.    K+N is without adequate remedy to prevent Defendant's use of confidential

proprietary materials or solicitation of K+N's customers or employees.

60. No money damage or adequate remedy at law can compensate K+N for the harm that will be caused unless Defendant is immediately restrained and ordered to immediately return the subject property and cease and desist any solicitation or inducement.

61. K+N will suffer irreparable injury including lost profit, impairment of future earning capacity, diminutions in the value of its business, loss of good-will and loss of trade secrets and confidential information, if injunctive relief is not granted.

62. No third parties will be unjustifiably harmed if this injunctive relief is granted.

63. Furthermore, the public interest will be served by the granting of this injunctive relief since all businesses have a legitimate interest in ensuring that their proprietary information remains confidential.

64. As a result of Defendants' actions, K+N has been forced to retain the undersigned counsel to provide legal services here and pay such counsel a reasonable fee for services.

**WHEREFORE**, for the reasons stated herein Plaintiff, K+N, respectfully requests that this Court grant a temporary, preliminary and permanent injunction against Defendant ordering Defendant to return K+N's proprietary information in their possession, to prevent defendants from using, utilizing, duplicating, destroying or divulging any of the information and property, to cease and desist any solicitation of any customers, potential customers or employees of K+N, and immediately comply with the terms that they have acknowledged and accepted during their employment with K+N.

## COUNT V-TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

65. K+N repeats and realleges paragraph 1 through 24 as set forth above and further

alleges as follows:

66.   K+N and Defendant had a business relationship, such that K+N was the employer of Defendant and Defendant was an employee of K+N.

67.   Pursuant to the business relationship between Defendant and K+N, Defendant agreed to the specific terms in the employee manual concerning specific confidentiality terms, including the protection of K+N's proprietary information and information concerning or regarding K+N's customers.

68.   Pursuant to this business relationship, Defendant agreed not to solicit any customer of K+N or induce or seek to induce the resignation of any K+N employee.

69.   Defendant absconded with K+N's confidential information and property.

70.   This information and property of K+N is highly sensitive, irreplaceable and now rests in the custody of defendants for use in their current employment for a competitor of K+N.

71.   Defendant has utilized this information for their own benefit and to the injury of K+N.

72.   Further, Defendant has induced employees of K+N to leave their employment and begin working for a direct competitor.  These employees represent a significant portion of K+N's specialized expertise in this niche market.

73.   Defendant has directly contacted customers of K+N for the purpose of soliciting their business at his new place of employment.  Indeed, mere days after his departure, Defendant attended a presentation before one of K+N's major customers to specifically discuss obtaining the customer's business in the event K+N could not maintain current service levels – which service level is decreased as a result of the departure of Defendant and the employees he induced to leave.

74.    Defendants engaged in conduct designed to cause injury to K+N's business.

75.    Defendants' conduct was intentional, unjust and wrongfully interfered with K+N's

relationship with its clients.

76.    This interference proximately resulted in damages in excess of the jurisdictional

requirements of this Court.

**WHEREFORE** Plaintiff, K+N, respectfully requests that judgment be entered against

Defendant, together with any further relief the Court deems just and proper.

Dated: Miami, Florida
        October 10, 2013

                                Respectfully submitted,

                                **SPECTOR RUBIN, P.A.**
                                Continental Plaza
                                3250 Mary Street, Suite 304
                                Miami, Florida 33133
                                Telephone: 305-537-2000
                                Facsimile: 305-537-2001

                                By____/s/ Andrew Spector_____
                                ANDREW R. SPECTOR (NY # 2071140)

                                and TROY GEISSER, of counsel (NY # 2036937)

                                *Attorneys for Plaintiff*


# Exhibit A (3)

# Notice Regarding Availability of Electronic Filing

1140289.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------x

KUEHNE + NAGEL INC.

Plaintiff/Petitioner,

- against -

Index No. 653526/2013

STEPHEN TURCATO

Defendant/Respondent.

---------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 10/11/2013

(Signature)

Andrew Spector          (Name)

Spector Rubin, P.A.     (Firm Name)

Continental Plaza       (Address)
3250 Mary Street, Suite 304
Miami, Florida 33133

305-537-2000            (Phone)

andrew.spector@spectorrubin.com    (E-Mail)

To:   Stephen Turcato
      723 Far Pines Drive
      Spring, Texas 77373

4.8.11

# Exhibit A (4)

# Request For Judicial Intervention

1140289.1

FILED: NEW YORK COUNTY CLERK 10/31/2013
INDEX NO. 653526/2013
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 10/31/2013

# REQUEST FOR JUDICIAL INTERVENTION
UCS-840 (7/2012)

| | For Court Clerk Use Only: |
|---|---|
| | IAS Entry Date |
| | Judge Assigned |
| | RJI Date |

**Supreme** _____ COURT, COUNTY OF _____ **New York**

Index No: **653526/2013**      Date Index Issued: **10/10/2013**

**CAPTION:**   Enter the complete case caption.  Do not use et al or et ano.  If more space is required, attach a caption rider sheet.

Kuehne + Nagel Inc.

**Plaintiff(s)/Petitioner(s)**

-against-

Stephen Turcato

**Defendant(s)/Respondent(s)**

## NATURE OF ACTION OR PROCEEDING:   Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ◯ Contested
  **NOTE:**  For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum.**
  For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**
- ◯ Asbestos
- ◯ Breast Implant
- ◯ Environmental: _____ (specify)
- ◯ Medical, Dental, or Podiatric Malpractice
- ◯ Motor Vehicle
- ◯ Products Liability: _____ (specify)
- ◯ Other Negligence: _____ (specify)
- ◯ Other Professional Malpractice: _____ (specify)
- ◉ Other Tort: Conversion, Misappropriation, Tortious Interference (specify)

**OTHER MATTERS**
- ◯ Certificate of Incorporation/Dissolution   [see **NOTE** under Commercial]
- ◯ Emergency Medical Treatment
- ◯ Habeas Corpus
- ◯ Local Court Appeal
- ◯ Mechanic's Lien
- ◯ Name Change
- ◯ Pistol Permit Revocation Hearing
- ◯ Sale or Finance of Religious/Not-for-Profit Property
- ◯ Other: _____ (specify)

**COMMERCIAL**
- ◯ Business Entity (including corporations, partnerships, LLCs, etc.)
- ◯ Contract
- ◯ Insurance (where insurer is a party, except arbitration)
- ◯ UCC (including sales, negotiable instruments)
- ◯ Other Commercial: _____ (specify)
  **NOTE:**  For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum.**

**REAL PROPERTY:**   How many properties does the application include? _____
- ◯ Condemnation
- ◯ Mortgage Foreclosure (specify):   ◯ Residential   ◯ Commercial
  Property Address: _____
  Street Address          City          State          Zip
  **NOTE:**  For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum.**
- ◯ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ◯ Tax Foreclosure
- ◯ Other Real Property: _____ (specify)

**SPECIAL PROCEEDINGS**
- ◯ CPLR Article 75 (Arbitration)   [see **NOTE** under Commercial]
- ◯ CPLR Article 78 (Body or Officer)
- ◯ Election Law
- ◯ MHL Article 9.60 (Kendra's Law)
- ◯ MHL Article 10 (Sex Offender Confinement-Initial)
- ◯ MHL Article 10 (Sex Offender Confinement-Review)
- ◯ MHL Article 81 (Guardianship)
- ◯ Other Mental Hygiene: _____ (specify)
- ◯ Other Special Proceeding: _____ (specify)

## STATUS OF ACTION OR PROCEEDING:   Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ◉ | ◯ | If yes, date filed: 10/10/2013 |
| Has a summons and complaint or summons w/notice been served? | ◉ | ◯ | If yes, date served: 10/14/2013 |
| Is this action/proceeding being filed post-judgment? | ◯ | ◉ | If yes, judgment date: _____ |

## NATURE OF JUDICIAL INTERVENTION

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice — Date Issue Joined: _____
- ○ Notice of Motion — Relief Sought: _____ — Return Date: _____
- ○ Notice of Petition — Relief Sought: _____ — Return Date: _____
- ○ Order to Show Cause — Relief Sought: _____ — Return Date: _____
- ○ Other Ex Parte Application — Relief Sought: _____
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other  (specify): _____

## RELATED CASES

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## PARTIES

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff) | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Kuehne Nagel Inc. (Last Name) / (First Name) / Primary Role: Plaintiff / Secondary Role (if any): | Spector (Last Name) Andrew (First Name) / Spector Rubin, P.A. (Firm Name) / 3250 Mary Street, Suite 304 (Street Address) Miami (City) Florida (State) 33133 (Zip) / +1 (305) 537-2000 (Phone) +1 (305) 537-2001 (Fax) andrew.spector@spectorrubin.com (e-mail) | ○ YES   ○ NO |  |
| ☒ | Turcato (Last Name) / Stephen (First Name) / Primary Role: Defendant / Secondary Role (if any): | (Last Name) (First Name) / (Firm Name) / 223 Far Pines Drive (Street Address) Spring (City) Texas (State) 77373 (Zip) / (Phone) (Fax) (e-mail) | ○ YES   ○ NO |  |
| ☐ | (Last Name) / (First Name) / Primary Role: / Secondary Role (if any): | (Last Name) (First Name) / (Firm Name) / (Street Address) (City) (State) (Zip) / (Phone) (Fax) (e-mail) | ○ YES   ○ NO |  |
| ☐ | (Last Name) / (First Name) / Primary Role: / Secondary Role (if any): | (Last Name) (First Name) / (Firm Name) / (Street Address) (City) (State) (Zip) / (Phone) (Fax) (e-mail) | ○ YES   ○ NO |  |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 10/31/2013

SIGNATURE

2071140
ATTORNEY REGISTRATION NUMBER

Andrew Spector
PRINT OR TYPE NAME

Print Form

# *Exhibit B*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
KUEHNE + NAGEL INC.

                               Plaintiff,

      -against-

STEPHEN TURCATO

                             Defendant.

Index No. 653526/2013

**NOTICE TO
STATE COURT OF
FILING OF NOTICE
OF REMOVAL**

      **PLEASE TAKE NOTICE** that a Notice of Removal of the above-captioned

action from the Supreme Court of the State of New York, County of New York, to the United

States District Court for the Southern District of New York, a copy of which is attached hereto

as Exhibit "A", will be filed on November 13, 2013, in the United States District Court for the

Southern District of New York.  Notice of that filing was given pursuant to 28 U.S.C.

§ 1446(d).

Dated: New York, New York
       November 13, 2013

                        Yours, etc.,

                        HEIDELL, PITTONI, MURPHY & BACH, LLP

                        By:_____
                             Scott M. Zimmerman
                             Attorneys for Defendant
                             Office & P.O. Address
                             99 Park Avenue
                             New York, New York 10016
                             Phone:  (212) 286-8585
                             Fax:  (212) 490-8966

1140572.1

To:     Andrew R. Spector
        SPECTOR RUBIN, PA
        Attorneys for Plaintiff
        Continental Plaza
        3250 Mary Street, Suite 304
        Miami, Florida  33133
        Telephone: (305) 537-2000
        Facsimile: (305) 537-2001