## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **KUEHNE + NAGEL, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:13-cv-03656** |
| | § | |
| **STEPHEN TURCATO** | § | |
| | § | |
| *Defendant.* | § | |

### AGREED PRELIMINARY INJUNCTION

After considering the parties' Joint Motion for Entry of Agreed Preliminary Injunction, this Court finds that the relief the parties have agreed on should be granted. This Court, therefore ORDERS:

1. Defendant Stephen Turcato not to use, duplicate, destroy, or disclose any Trade Secrets acquired from his former employer, Kuehne + Nagel Inc ("K+N"). For the purposes of this Agreed Preliminary Injunction, "Trade Secrets" means information provided to Turcato by K+N in the course of his employment that meets the following elements: (1) the information is not known outside of K+N, except for information disclosed to Turcato during his employment; (2) the information is not broadly shared with employees and others involved in his business; (3) K+N had in place significant safety measures to guard the secrecy of the information; (4) the information is valuable to K+N's competitors; (5) K+N expended significant resources to  develop the information; and (6) it would be very difficult for information to be properly acquired or duplicated by others. *In re Bass,* 113 S.W.3d 735, 739 (Tex. 2003). Trade Secrets may be in

tangible and intangible form, and may include information contained in K+N's files, records and correspondence pertaining to K+N's customers, clients, employees and to K+N's business models.

2. That Turcato shall agree and abide by the terms set forth in the Confidentiality/Non-Disclosure/Non-Soliciation Agreement he signed while employed by K+N, which is attached hereto as Exhibit A. Nothing within this Agreed Preliminary Injunction shall be construed to limit or modify Turcato's obligation under the Confidentiality/Non-Disclosure/Non-Solicitation Agreement, attached as Exhibit A, with the sole exception that Turcato's obligations with regard to the non-solicitation of customers and potential customers, and the obligations with regard to the inducement of K+N employees under said agreements will be extended to a period of four (4) months from the date of the entry of this order. The non-disclosure provisions with regard to Trade Secrets and Confidential Information shall remain in effect for the duration as set forth in the eagreements.

3. That Turcato shall within two (2) business days of notice of the entry of this Agreed Preliminary Injunction, return all K+N's Trade Secrets (as defined above) and all Confidential Information as defined by Exhibit A in his custody or control other than information pertaining to his own compensation and benefits. Turcato affirms under the penalties of perjury that other than the items to be returned to K+N within two (2) business days of the entry of this order, that he does not have in his possession or custody or control any Trade Secrets of K+N or any Confidential Information as defined by Exhibit A.

4. Turcato not to, directly or indirectly, on his own behalf or on behalf of any other individual or entity, solicit, contact, or call upon any customer of K+N for a period of four (4) months from the date of the entry of this order. "Customer" is defined to include any existing or potential customers of K+N, which Turcato had contact with during his employment with K+N, or about whom the Employee had access to Confidential Information (as defined in the attached Exhibit "A"), during and as a result of his employment with Kuehne + Nagel.

5. That Turcato shall not solicit, contact or induce, or attempt to induce the resignation of any employees from K+N for a period of four (4) months from the date of the entry of this order.

6. That, to the extent Turcato has already divulged K+N's Trade Secrets and/or solicited K+N's customers or employees as set forth herein, Turcato shall immediately cease and desist from such activity.

7. Nothing within this Agreed Preliminary Injunction shall be construed to impede, impact, or affect in any way, Turcato's current employer, Crane Worldwide Logistics, its subsidiaries or affiliates from continuing to conduct business in its current, normal fashion, provided that such business does not involve Stephen Turcato using Confidential Information obtained while employed by K+N or Confidential Information provided by Stephen Turcato.

8. The Court shall retain jurisdiction to enforce this Preliminary Injunction.



3

**SIGNED** this _____ day of _____, 2014.

_____
THE HONORABLE LYNN HUGHES
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KUEHNE + NAGEL, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-cv-03656 |
| | § | |
| STEPHEN TURCATO | § | |
| | § | |
| *Defendant.* | § | |

# EXHIBIT A

# TO AGREED PRELIMINARY INJUNCTION

## ATTACHMENT

## CONFIDENTIALITY / NON-DISCLOSURE / NON- SOLICITATION AGREEMENT

- **Non-Disclosure or Use of Confidential Information**

    Employee acknowledges and agrees that he/she shall maintain under strict confidentiality the Confidential Information (defined below).  Employee will take all reasonable precautions to safeguard the Confidential Information.  Employee will not directly or indirectly, sell, offer to sell, transfer, disclose or otherwise make available any Confidential Information to any third party, including any corporation, governmental body, individual, partnership, association or other entity.  Employee further agrees not to use any Confidential Information in competition with Company or in any manner otherwise to Company's detriment.  The term "Confidential Information" shall mean all information, items and materials that belong to the Company, or that have been confidentially provided to the Company by its clients, prospective clients, or other third parties.  Confidential Information includes, but is not limited to, information, items and materials concerning the following: marketing plans or strategies; budgets; promotional strategies; client preferences and policies; activities for and/or in behalf of clients or prospective clients; concepts; trade secrets (as defined by applicable law); research and development activities; client (and prospective client) lists or data; client account information; pricing data and procedures; the existence and contents of agreements; financial information, data, and all documentation, reports and data (recorded in any form) relating to the foregoing.  Confidential Information does not include anything described above which is generally known or available to the public or to persons in the industry, unless it became generally known through an act or failure to act of the Employee, in which case it shall remain Confidential Information.

- **Non-Solicitation of Customers and Employees**

    Employee agrees that for 6 months after the termination (whether voluntary or involuntary and for whatever reason) of his/her employment with the Company, the Employee will not, directly or indirectly, on his/her own behalf or on behalf of any other individual or entity, solicit, contact, or call upon any customer (as defined in the last sentence of this paragraph) of the Company with a view to providing logistics services or consulting services.  Employee further agrees that he/she will not induce or seek to induce the resignation of any other employee from the Company.  For purposes of this paragraph, "customer" is defined to include customers or potential customers of the Company with whom the Employee had contact, or about whom the Employee had access to Confidential Information (as defined above), during and as a result of his/her employment with the Company.